# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>       Plaintiff,<br><br>       v.<br><br>GOLDEN VALLEY LENDING, INC.; SILVER CLOUD FINANCIAL, INC.; MOUNTAIN SUMMIT FINANCIAL, INC.; and MAJESTIC LAKE FINANCIAL, INC.,<br><br>       Defendants. | No. 17 C 3155<br><br>Judge Thomas M. Durkin |

## MEMORANDUM OPINION AND ORDER

Defendants are lending institutions owned and incorporated by the Habematolel Pomo of Upper Lake Indian Tribe, a federally recognized Indian tribe located in Upper Lake, California. The Consumer Financial Protection Bureau (the "CFPB") alleges that Defendants originate and collect usurious loans in violation of the federal Consumer Financial Protection Act and the Truth in Lending Act. Defendants have moved to transfer venue to the District of Kansas where they own a separately incorporated call center that contacts potential borrowers and administers the underwriting process for Defendants. For the following reasons, that motion, R. 18, is granted.

**A.    Legal Standard**

Under 28 U.S.C. § 1404(a) "a district court may transfer any civil action to any other district or division where it might have been brought" for "the

convenience of the parties and witnesses" and "in the interest of justice." The statute "is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "The statute permits a 'flexible and individualized analysis' and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (quoting *Stewart*, 487 U.S. at 29). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).

In considering these factors, the Court is "permitted [and] in some instances [may be] required, to make whatever factual findings are necessary prior to issuing a [transfer decision]." *In re LimitNone, LLC*, 551 F.3d 572, 577 (7th Cir. 2008). The Court may consider affidavits in making such findings. *See Bd. of Trustees of the Auto. Mechanics' Local No. 701 Union & Industry Welfare Fund v. Brown*, 2014 WL 4057367, at *1 (N.D. Ill. Aug. 14, 2014); *Simonian v. Monster Cable Prods., Inc.*, 821 F. Supp. 2d 996, 998 (N.D. Ill. 2010); *Simonian v. Hunter Fan Co.*, 2010 WL 3975564, at *1 (N.D. Ill. Oct. 7, 2010). The party seeking transfer "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey*, 796 F.2d at 220-21.

## B. Convenience

"With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation*, 626 F.3d at 978. "Other related factors include the location of material events and the relative ease of access to sources of proof." *Id.*

A Seventh Circuit decision cited by the CPFB—*In re National Presto Industries, Inc.*, 347 F.3d 662 (7th Cir. 2003)—is instructive on the convenience analysis here. In *Presto*, the Securities and Exchange Commission sued a company headquartered in Wisconsin. The company moved to transfer the case to Wisconsin because "all" of the company's witnesses were within the subpoena power of the Western District of Wisconsin, but not that of the Northern District of Illinois. *Id.* at 664. The district court denied the company's motion because the SEC's Chicago office had investigated and filed the case, and "emphasiz[ed] that . . . a plaintiff's choice of forum is entitled to considerable deference." *Id.* at 663. The company sought mandamus from the Seventh Circuit, which the court denied based on the extraordinarily high standard for mandamus. In denying the petition, however, the Seventh Circuit noted the preference for a plaintiff's choice of forum is no more significant than any other factor, but simply serves to break a "tie" when "the inconvenience of the alternative venues is comparable." *Id.* at 665. Indeed in *Presto*, despite the SEC's office in Chicago and the failure of the company to satisfy the

standard for mandamus, the court made the following statement about the balance of the factors relevant to a motion to transfer:

> We doubt that the balance of convenience actually favors the SEC or even that we have a tie. Given the location of documents, the limited subpoena power of the Northern District of Illinois with regard to [the company's] potential witnesses, and the lighter docket in the Western District of Wisconsin, we suspect that the balance favors the Western District.

*Id.* at 665.

The Seventh Circuit's reasoning—albeit in dicta—is persuasive here. The CPFB admits that Defendants use the call center in Kansas to contact potential borrowers and administer the underwriting of the loans. R. 1 ¶ 43. Defendants have identified twelve employees of the call center who are potential witnesses and are outside the Court's subpoena power. *See* R. 18-2 ¶ 27. Moreover, unlike the SEC in *Presto*, the CFPB is not litigating this case out of its Chicago office, but instead has assigned attorneys from Washington, D.C. to travel to litigate the case. These attorneys will be no more inconvenienced traveling to Kansas than Chicago.

The CFPB argues that the case should remain in Illinois because it is the "situs of material events." R. 30 at 6. The CFPB makes this argument based on records of funds transfers from Defendants to consumer accounts with Illinois addresses, indicating that there are thousands of potential victims in Illinois. *See id.* at 6. Furthermore, the CFPB points out that it has not alleged that there are victims in Kansas. *Id.*[1] The problem with this argument is that the CFPB admits

---

[1] At least some of the CFPB's claims rely on the theory that Defendants violated

4

that Defendants' borrowers also reside in 16 other states besides Illinois, meaning that these states are also part of the "situs of material events." *Id.*; *see also* R. 1 at 22 (listing the states "in which Defendants' loans are void in whole or in part"). In other words, there is nothing special about Illinois for this case. To the extent the CFPB will need to call victims as witnesses at trial, it is much more likely that some of the alleged many thousands of victims will be willing to testify without subpoena, than that the twelve employees of Defendants' subsidiary will be willing to do so. Moreover, the CFPB has not specifically identified any of these alleged victims. Courts generally give greater weight to the convenience of already identified witnesses. *See Lee v. Love's Travel Stops & Country Stores, Inc.*, 2015 WL 6742074, at *3 (N.D. Ill. Nov. 3, 2015); *Sojka v. DirectBuy, Inc.*, 2014 WL 1089072, at *3 (N.D. Ill. Mar. 18, 2014) (citing *Howell v. Joffe,* 478 F. Supp. 2d 1014, 1023 (N.D. Ill. 2006)); *Harris v. Illinois*, 2010 WL 145790, at *4 (N.D. Ill. Jan. 12, 2010); *Law Bulletin Pub., Co. v. LRP Pubs., Inc.*, 992 F. Supp. 1014, 1018 (N.D. Ill. 1998). Therefore, the Court finds that the District of Kansas is clearly more convenient than this district.

C.  **Interest of Justice**

"The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation*,

---

federal law by attempting to collect loans that are void *ab initio* under state usury laws. The CFPB alleges that Defendants have made loans "throughout the United States," R. 1 ¶ 45, but that only some "states have enacted laws that render installment loans void if they exceed the usury limit." *Id.* ¶ 116. Presumably, Kansas does not have such a law, such that the CFPB cannot make its claims under Kansas law.

626 F.3d at 978. "For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." *Id.* (internal citations omitted). "The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id.*

Here, interest of justice does not favor either forum. Caseloads are lighter in Kansas, and the time to disposition is only six days faster here. *See* R. 35 at 8 n. 5. The CFPB also argues that Illinois law will be relevant in this case, which would favor this Court. But the case is brought under two federal statutes, and according to the complaint, Illinois law is no more relevant than the law of the other 16 states cited. Thus, the interest of justice does not favor one district over the other.

## Conclusion

For the foregoing reasons, Defendants' motion to transfer, R. 18, is granted, and the Clerk of Court is directed to transfer this case to the District of Kansas.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: September 8, 2017